UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES E. WASHINGTON,

Plaintiff,

-against-

T. FITZPATRICK, CORRECTIONAL OFFICER; SAIN CLAIR, CORRECTIONAL OFFICER; SERIDAN, SERGEANT; JORDAN, LIEUTENANT, DISCP. HEARING OFFICER; SIPPLE, COL., DEP. SUPT. OF SECURITY,

Defendants.

20-CV-0911 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, currently incarcerated at Shawangunk Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was incarcerated in Sullivan Correctional Facility. By order dated March 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**DISCUSSION**

**A. Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Correctional Officer T. Fitzpatrick, Correctional Officer K.B. Sain Clair, Sergeant Sheridan, Lieutenant Jordan, and Colonel Sipple through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Correctional Officer T. Fitzpatrick, Correctional Officer K.B. Sain Clair, Sergeant Sheridan, Lieutenant Jordan, and Colonel Sipple and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action. Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

SO ORDERED.

Dated: March 19, 2020
White Plains, New York

VINCENT L. BRICCETTI
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correctional Officer T. Fitzpatrick
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

2. Correctional Officer K.B. Sain Clair
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

3. Sergeant Sheridan
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

4. Lieutenant Jordan
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

5. Colonel Sipple
Deputy Superintendent of Security
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116